IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, individually and on behalf of**
**E.A.B., deceased; et al.**                                                               **PLAINTIFFS**

**VERSUS**                                                                     **CIVIL ACTION NO. 5:09cv192KS-MTP**

**TEXACO, INC., et. al.**                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand filed by Plaintiffs Vernita Bell, et. al., [Doc. # 12] (December 3, 2009) and memorandum in support [Doc. # 13] filed in response to Defendants Texaco Inc. and Chevron Corporation's Notice of Removal [Doc. # 1], which was joined in and consented to by Southwest Mississippi Mental Health Complex. [Doc. # 8]. Defendants Texaco Inc. and Chevron Corporation oppose the motion to remand. Defs.' Resp. Mot. to Remand [Doc. # 21] (December 17, 2009); Mem. Supp. Defs' Resp.[Doc. # 22] (December 17, 2009). The sole question presented is whether non-diverse defendants W. Joe Brown, d/b/a Brown's Auto Parts, the Estate of W. Joe Brown, and Southwest Mississippi Mental Health Foundation, who did not join in the removal, were improperly joined. The determination of this question hinges on whether Southwest Mississippi Mental Health "Foundation" is a proper defendant and whether suit against Brown's estate is barred by law.

The Court finds that it has subject matter jurisdiction under § 1332 because Plaintiffs have failed to state a proper claim against a non-diverse defendant, and therefore the motion to remand should be **denied**.

1

# I. BACKGROUND

This case involves injuries sustained due to alleged exposure to chemicals that seeped from abandoned underground storage tanks (USTs) filled with leaded gas. The tanks were located at 208 South Main Street in Fayette, Mississippi. The tanks had been at this property since the 1950s when the location was a Sinclair service station. Beginning in the 1960s, W. Joe Brown operated a Texaco retail gasoline station, a sole proprietorship, doing business as Brown's Auto Parts, at the site. In the late 1970s, Brown's Auto Parts stopped selling Texaco gasoline. In 1975, Brown transferred the property to his son, who in turn sold the land to Jefferson County in 1979. Jefferson County used this site for state and county office space. Throughout the county's use, the USTs filled with leaded gas remained concealed on the property until they were discovered by Mississippi Department of Environmental Quality (MDEQ) in 2000.[1]

For nearly two decades, mental health services were offered at this location and Plaintiffs were at the property regularly and frequently, either as patients or employees. They contend that they were exposed to "leaded gasoline and/or toxic and carcinogenic substances." Pls.' Memo. Supp. Remand 4 [Doc. # 13]. Plaintiffs fall into three groups based on their resulting injuries:

> (1) adult mothers who allege that while pregnant and working in that building, they were exposed to gasoline vapors, resulting in miscarriage, (2) minor children who allege that while their pregnant mothers worked in said building, they were exposed to gasoline vapors while *in utero*, resulting in permanent injury; and (3) adult patients of Southwest Mississippi Mental Health, which maintained offices in the building for some period of time, who allege that while receiving treatment from that agency, they were exposed to gasoline vapors, resulting in permanent

---

[1]Plaintiffs concede that the citizenship of MDEQ should not be considered for the purposes of federal diversity jurisdiction as they are a nominal defendant. *See* Pls.' Mem. Mot. Remand at 6 [Doc. #13].

injury. See Complaint ¶¶ 54-94; Amended Complaint ¶¶ 56-96.
Notice of Removal ¶ 2 [Doc. # 1].

The parties dispute what entity owned, leased, or operated the mental facility– the Southwest Mississippi Mental Health Complex, a fictitious entity and unnamed party, or the Southwest Mississippi Mental Health Foundation, a Mississippi non-profit corporation and a party to this suit. The defendants claim that the Foundation is simply a charitable organization that acquires funds and properties to support the Mental Health Commission, which operates under the fictitious "Complex" name, and that the Foundation has not ever leased, occupied, or provided mental services at this site. *See* Starnes Aff. ¶¶ 7-8 [Doc. # 21-2]. However, the Foundation did conduct meetings at the site and the address is that of its registered agent. Plaintiffs, on the other hand, rely on the Foundation's 2001 tax return which shows the purchase of two properties in Fayette to infer that one of these purchases was the property at issue. They also believe that the Foundation was the lessee from the mid-1980s until the late 1990s. Plaintiffs requested and were granted remand-related discovery to determine if the Foundation was the proper party, but they have not submitted additional briefing to support their contentions.

Plaintiffs filed suit in the Circuit Court of Jefferson County on October 16, 2009. [Doc. # 1-2]. Defendants Chevron and Texaco removed the case on November 12, 2009, contending that this Court has jurisdiction over the case under 28 U.S.C. § 1332 because the non-diverse defendants were improperly joined.

## II. STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over

which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000.00 and the civil action is between citizens of different states. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases). Generally, all Defendants to an action must consent to the removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, a removing party does not need the consent of parties they claim have been fraudulently joined. *Id.*

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al,* 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964)).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the non-diverse defendant. *See Tedder v. F.M.C. Corp.*, 590 F.2d at 116; *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549; *see also Bobby Jones Garden Apts.*, 391 F.2d at 177;

4

*Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The United States Supreme Court has recently clarified the plaintiff's initial pleading burden under Rule 8(a) to sufficiently state a claim and survive a Rule 12(b)(6) motion. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The Court further stated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557, 127 S.Ct. 1955.

*Id.*

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. *See Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no

reasonable basis for predicting that the plaintiff might establish liability on that claim. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Badon*, 224 F.3d at 390. "We do not, . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon,* 224 F.3d at 394 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

>Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit held that

>>A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc)(internal footnotes omitted), *cert. denied*, 544 U.S. 992 (2005). However, the Fifth Circuit went on to caution,

>While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

### III. APPLICATION AND ANALYSIS

The Estate of W. Joe Brown and W. Joe Brown d/b/a Brown Auto Parts are improperly joined parties and should not be considered for purposes of removal because Brown is deceased and suit against his estate is time-barred. Administrators shall "be liable to be sued in any court in any personal action which might have been maintained against the deceased." MISS CODE ANN. § 91-7-233. "A suit or action shall not be brought against an executor or administrator until after the expiration of ninety (90) days from the date of letters testamentary or of administration." MISS CODE ANN. § 91-7-239. "An action or scire facias may not be brought against any executor or administrator upon any judgment or other cause of action against his testator or intestate, except within four years after the qualification of such executor or administrator." MISS CODE ANN. § 15-1-25. The four year statute of limitations begins to run after the ninety (90) day exemption, so the claimant must bring the action within four years and ninety days following the issuance of the letters of administration. *See Townsend v.Gilbert*, 616 So.2d 333, 335-336 (Miss. 1993). "[T]he four year statute of limitations runs from the original grant of the letters of administration, regardless of whether subsequent administrators are named." *Id.* at 336.

In this case, the original Letters Testamentary were issued on January 22, 1987. *See* Mot. Remand, Ex. L [Doc. # 12-13]. Thus, the statute of limitations for a personal action against the Estate of W. Joe Brown expired on or about April 22, 1991. Even if the statute of limitations ran from the filing of the second Letters Testamentary on May 27, 2003, the time period to file suit would have expired on or about August 27, 2007. Plaintiffs in this case filed their complaint on October 16, 2009, well after the running of the statute of limitations. [Doc. # 1-2]. Because Plaintiffs' claims are time-barred, the Court finds no possible basis for liability as a matter of

7

law.

Southwest Mississippi Mental Health Foundation is also an improper party to the suit. In its Response to Plaintiff's Motion, the Defendants provide the affidavit of Gaye Starnes, Foundation president, who avers that although the Foundation has owned property in Jefferson County, it has never owned, leased, occupied, or otherwise utilized property at 218 S. Main Street. Starnes Aff. ¶¶ 7-8 [Doc. # 21-2]. Plaintiffs have not presented contrary evidence that the Foundation owned or leased the property at issue, only citing its "good faith belief." *See* Pl's Mem. at 11-12. Plaintiffs were allowed the opportunity to conduct remand-related discovery on this issue, and have failed to discover facts to support their beliefs. Therefore, Plaintiffs have failed to demonstrate that the Foundation is a proper party and it should be dismissed from the action.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. #12] is **DENIED**.

IT IS FURTHER ORDERED THAT Southwest Mississippi Mental Health Foundation, the Estate of W. Joe Brown, and W. Joe Brown d/b/a Brown Auto Parts are dismissed from the action and all motions pending against these parties are dismissed as moot.

SO ORDERED AND ADJUDGED on this, the 8th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE