IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, individually and on behalf of**
**E.A.B., deceased; et al.**                                        **PLAINTIFFS**

**VERSUS**                                                    **CIVIL ACTION NO. 5:09cv192KS-MTP**

**TEXACO, INC., et. al.**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand filed by Plaintiffs Vernita Bell, et. al., [Doc. # 12] (December 3, 2009) and memorandum in support [Doc. # 13]. This Court previously entered an Order finding that non-diverse defendants W. Joe Brown, d/b/a Brown's Auto Parts, the Estate of W. Joe Brown, and Southwest Mississippi Mental Health Foundation, were improperly joined and denying Plaintiffs' Motion to Remand. [Doc. # 37] (February 8, 2010). The Court then granted Plaintiffs' Motion for Reconsideration of the Motion to Remand [Doc. #40] as to the Foundation noting that the Court's Order had been prematurely entered and allowing Plaintiffs until February 15, 2010, to complete remand-related discovery and amend their written pleadings. Plaintiffs then requested an additional thirty (30) day extension to complete remand-related discovery, which this Court denied. [Doc. # 42] (February 16, 2010).

The parties dispute what entity owned, leased, or operated the mental facility– the Southwest Mississippi Mental Health Complex, a fictitious entity and unnamed party, or the Southwest Mississippi Mental Health Foundation, a Mississippi non-profit corporation and a party to this suit. The Foundation claims that it is simply a section 501(c)(3) charitable

1

organization that acquires funds and properties to support the Mental Health Commission, which operates under the fictitious "Complex" name. In its Response to Plaintiffs' Motion, the Foundation provided the affidavit of Gaye Starnes, its president, who avers that although the Foundation has owned property in Jefferson County, it has never owned, leased, occupied, or otherwise utilized property at 218 South Main Street. Starnes Aff. ¶¶ 7-8 [Doc. # 21-2]. Starnes further avers that none of the Plaintiffs in the action are or ever have been employees or clients of the Foundation. *Id.* at ¶ 12. However, the Foundation did conduct meetings at the site several times a year and the address is that of its registered agent. *Id.* at ¶¶ 10-11.

Following remand-related discovery on this issue, Plaintiffs have failed to discover evidence to support their beliefs that the Foundation is liable for the premises. Plaintiffs have not presented any evidence to support their "good faith belief" that the Foundation owned or leased the property at issue from the mid-1980s until the late 1990s. Plaintiffs contend that their Motion for Leave to File Second Amended Complaint and memorandum in support "set forth *prima facie* evidence to establish that both the Foundation and the Complex are proper party defendants in this action." Mot. to Reconsider ¶ 9 [Doc. # 40]. In their memorandum the Plaintiffs state:

> Since the filing of this lawsuit, it has become apparent to Plaintiffs' counsel that the Foundation and the Complex are a joint venture, single business enterprise, have a principal/ agent relationship, or have some other type of joint and affiliated relationship; however, the Foundation has denied any such relationship with the Complex from the outset of this litigation and has likewise disputed the propriety of their joinder as a party defendant in this action.

Pls.' Mem. at 2 [Doc. # 40-5]. The Plaintiffs' only evidence of the affiliation is the Foundation's Corporate Charter, which states that:

> [T]he objects and purposes of this corporation are to acquire and administer funds

> and property, which after payment of necessary expenses, shall be devoted exclusively to charitable purposes which promote, aid and advance community mental health treatment, and community mental health services in general, by supporting the aims and objectives of the Southwest Mississippi Mental Health Complex in providing community mental health center services to the citizens of the mental health-mental retardation region XI.

Ex. E [Doc. # 38-6]. Plaintiffs contend that the charter creates a genuine issue as to whether the Complex and Foundation operate as a single business enterprise that would be subject to joint and several liability. Pls.' Mem. at 4 [Doc. # 40-5].

The Court finds that the Foundation is an improper party to the suit. Evidence that the Foundation was a charitable organization that supported the aims and objectives of the Complex is not evidence that the Foundation owned, operated, controlled, maintained, or was responsible in any way for the premises that caused the alleged harm or that it owed a duty to any of the named plaintiffs in this suit. In other words, there is no reasonable basis for predicting that the Foundation could be found liable for the alleged premises defects or subsequent harm to Plaintiffs. Therefore, Plaintiffs have failed to demonstrate that the Foundation is a proper party and it should be dismissed from the action. For the reasons set forth here and in the Court's previous order dated February 8, 2010, the Court finds that it has subject matter jurisdiction under § 1332 because Plaintiffs have failed to state a proper claim against a non-diverse defendant, and therefore the motion to remand should be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand [Doc. #12] is **DENIED**.

IT IS FURTHER ORDERED THAT Southwest Mississippi Mental Health Foundation is dismissed from the action and all motions pending against the Foundation are dismissed as moot.

SO ORDERED AND ADJUDGED on this, the 22nd day of February, 2010.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE