IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, individually and on behalf of**
**E.A.B., deceased; et al.**                                                     **PLAINTIFFS**

**VERSUS**                                           **CIVIL ACTION NO. 5:09cv192KS-MTP**

**TEXACO, INC., et. al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Renewed Motion to Reconsider or, in the Alternative, Motion for Voluntary Dismissal Without Prejudice [Doc. # 54] (Apr. 22, 2010) and Memorandum in Support [Doc. # 55]. Plaintiffs ask the Court to again reconsider its basis for finding that Defendant Estate of W. Joe Brown d/b/a Brown's Auto Parts was improperly joined. *See* Mem. Op. & Order [Doc. # 53] (Apr. 13, 2010).

First, the Court finds that it has fully addressed the applicable statutes of limitation in its previous Order. [Doc. # 53]. In their rebuttal memorandum, the plaintiffs assert that the Court's interpretation of Miss. Code. Ann §§ 15-1-25 and 15-1-59. is "the crux" of their motion. Pls.' Rebuttal 1 [Doc. # 60]. The parties have made their arguments regarding this issue, arguments that are merely restated in this renewed motion, and therefore, the Court will not revisit the issue.

Second, Plaintiffs argue that "Chevron and Texaco are estopped from denying the existence of an agency relationship involving W. Joe Brown and/or W. Joe Brown, Jr." under the theory of collateral estoppel, or issue preclusion. Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to

1

the prior judgment, whether or not the issue arises on the same or a different claim.*" New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). In a related state court case involving the same site and exposure claims but different Plaintiffs, the jury answered "yes" to the question: "Do you find by a preponderance of the evidence that Texaco and W. Joe Brown and/or W. Joe Brown, Jr. were in an agency relationship with Texaco in owning or controlling the underground storage tanks?" Pls.' Mot., Ex. 1 [Doc. # 54-2]. Plaintiffs contend that this jury finding should preclude re-litigation of the issue of agency. This argument is completely meritless, and, even if true, does not affect the holding put forth in the Court's Order. Brown, Jr. is not a named party in this case, so this statement alone does not imply an agency relationship between Texaco and the other named Defendant in this case, Brown, Sr., but instead only shows that Texaco had an agency relationship with one or the other, or both. In other words, the prior state court litigation did not conclusively resolve whether Brown Sr. and Texaco had an agency relationship. Finally, the existence of an agency relationship does not alter the Court's finding that claims against the Estate of Brown, Sr. are barred by the statute of limitations which is the basis for the Court's finding that there is no reasonable possibility of recovery against Brown, Sr. Therefore, this argument is an insufficient basis for reconsideration of the Court's Order.

Third, the Court finds that judicial estoppel is not appropriate in this case. Plaintiffs argue that because Texaco admitted W. Joe Brown's liability by placing his name on the jury verdict form in the state court case, they are estopped from claiming that he is not a proper party in this case. The equitable doctrine of judicial estoppel is: "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the

2

prejudice of the party who has acquiesced in the position formerly taken by him." 532 U.S. at 749. The Fifth Circuit recognizes three requirements: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *In re Superior Crewboats, Inc.,* 374 F.3d 330, 335 (5th Cir. 2004). Texaco asserts that it is not asserting an inconsistent position in this case. It notes that Mississippi allows apportionment of fault to parties that have been dismissed or are otherwise immune from suit. *Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1276 ¶ 44 (Miss. 1999) ("the term "party," as used in § 85-5-7(7), refers to any participant to an occurrence which gives rise to a lawsuit, and not merely the parties to a particular lawsuit or trial."). Texaco argues that in this case, there is no possibility of recovery against the Estate of Brown due to the statute of limitations, and the Court so held. This in no way limits or is inconsistent with their argument that the Estate of Brown is partly liable when considering apportionment of fault. Therefore, the Court finds insufficient grounds for judicial estoppel.

Finally, the testimony of Brown's friend, Don Ward, in the related state proceeding that he remembers that the station stopped selling gas in November of 1976 does not change the Court's analysis. Again, the Estate of W. Joe Brown, whether liable or not, has been dismissed from the suit because of the statute of limitations. Even if the claims against the estate were not barred, Ward's testimony does not create a genuine issue of material fact as to Brown's liability. This date is still more than a year after Brown sold the station to his son, Brown, Jr., on April 11,

1975, and so the dispute of the date gas sales were terminated is not material.[1] *See* Defs.' Resp. Mot. Remand, Ex. I, Deed of Conveyance [Doc. # 21-10] (Dec. 17, 2009). Regardless, the substance of Ward's testimony is not new evidence: it was put forth in an affidavit dated September 29, 2008. Def.'s Resp., Ex. B, Ward's Aff. [Doc. # 58-3]. Plaintiffs have not presented any new evidence or legal ground that sways the opinion previously given, and the Court declines to revisit its holding.

The Court denies Plaintiffs' request for a voluntary dismissal without prejudice. FED. R. CIV. P. 41(a)(2). Plaintiffs seek dismissal so that they "may plead their case against the proper party defendants." Mem. Supp. Renewed Mot to Reconsider 10 [Doc. # 55]. Plaintiffs have not elaborated on who these "proper party defendants" may be. The Court, in its sound discretion, should allow dismissal "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (citations omitted). The Fifth Circuit has acknowledged that a fine line exists between "plain legal prejudice" and subjecting a party to a second suit. *Id.* While court approval is required as a means to protect the non-movant, the court should generally grant the dismissal even if the plaintiff may gain a tactical advantage over the nonmovant, so long as the dismissal does not "strip[] him of a defense that would otherwise be available." *Ikospentakis v. Thalassic SS. Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990). "When a plaintiff fails to seek

---

[1]This Court mistakenly noted that the transfer from Brown to his son occurred in 1976. *See* Order at 6 [Doc. # 53] (Apr. 13, 2010). The Deed of Conveyance indicates that the Browns signed on April 11, 1975, although the chancery clerk notarized the document on April 18, 1975, and filed on April 23, 1975. Regardless, the evidence does not challenge the fact that W. Joe Brown did not own the station when gas sales ended, or, more importantly, that the Court has held that the claims against Brown's estate are barred by the statute of limitations.

dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

The Plaintiffs in this case have made numerous attempts to join defendants that would defeat diversity jurisdiction and permit remand of this case to state court, including a Motion to Remand [#12] (Dec. 3, 2009), Motion for Leave to File Second Amended Complaint [# 38] (Feb. 8, 2010), Motion for Reconsideration of Order on Motion to Remand [# 40] (Feb. 8, 2010), Second Motion for Reconsideration [#48] (Mar. 1, 2010), and the present motion, Second Motion for Reconsideration Renewed [#54] (April 22, 2010). The Court allowed Plaintiffs to conduct remand related discovery and have considered their multiple arguments presented in favor of joining multiple defendants whose citizenship would destroy diversity jurisdiction. The Court will not rehash these arguments here, but simply note them to highlight the extensive time and energy expended by the Court and Defendants in this matter over the past seven months. Now Plaintiffs, in what appears to be solely in response to the Court's rulings unfavorable to them, seek voluntary dismissal. Given that Plaintiffs have not given any reason for the dismissal other than to seek a forum in which they may receive more favorable rulings on who may be "proper party defendants," the Court finds that the blatant forum shopping in this case rises to the level of plain legal prejudice. The Fifth Circuit has recognized that "while defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990). While the Fifth Circuit affirmed the district court's voluntary dismissal in the *Templeton* case, the case at hand is factually distinct. In *Templeton*, the defendant objected

5

to the dismissal because the moving party had a motion pending seeking to join defendants whose joinder would destroy diversity jurisdiction. *Id.* at 1275.  In the case at hand, the Plaintiffs do not have a pending motion, but rather multiple adverse rulings of the Court denying joinder of parties that would destroy diversity jurisdiction. Other district courts in Mississippi have recognized that blatant forum shopping can rise to the level of plain legal prejudice to the defendant.  *See Weathersby v. General Motors*, No. 4:04cv298-P-B, 2006 WL 2865058 at *1 (N.D. Miss. Oct. 5, 2006); *Hardy v. Parktowne Apartments, LP*, No. 3:07cv700-HTW-LRA, 2008 WL 4372735 at *4 (S.D. Miss. Sept, 19, 2008).  The Court therefore finds that voluntary dismissal is inappropriate and Plaintiffs' motion should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's Renewed Motion to Reconsider [Doc. # 54] is **denied.**

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P 41(a)(2) is **denied**.

SO ORDERED AND ADJUDGED on this, the 11th day of June, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE