IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, individually and on behalf of**
**E.A.B., deceased; et al.**                                              **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 5:09cv192KS-MTP**

**TEXACO, INC., et. al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Certification and To Amend Interlocutory Order [Doc. # 63] (June 25, 2010) and Plaintiffs' Motion to Stay [Doc. # 64] (June 29, 2010) as well as Defendant Texaco, Inc.'s Responses [Docs. ## 65 & 67] and memoranda in support [Docs. ## 66 & 68]. This Court entered a Memorandum Opinion and Order [Doc. #62] denying Plaintiffs' Renewed Motion to Reconsider, Or, In the Alternative, Motion for Voluntary Dismissal Without Prejudice [Doc. # 54]. Plaintiffs ask the Court to certify this order for immediate appeal under 28 U.S.C. § 1292(b).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Permission to appeal under § 1292(b) is sparingly granted and the Fifth

Circuit disfavors interlocutory appeals and allows certification only in "exceptional" cases. *See, e.g., U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). The Fifth Circuit has cautioned, "permission to appeal is granted sparingly, not automatically." *Alabama Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). It is well settled that "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster*, 821 F.2d 1147, 1167 (5th Cir. 1987) (citing *In re McClelland Engineers, Inc.*, 742 F.2d 837, 839 (5th Cir. 1984), *cert. denied*, 469 U.S. 1228 (1985)). Further, the party moving to amend an order for interlocutory certification bears the burden to "establish its right to such a procedure," *White v. Esmark Apparel, Inc.*, 788 F.Supp. 907, 909 (N.D.Miss. 1992), and, according to some authority, must generally traverse a "steep and thorny route." *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990).

Here, Plaintiffs argue that a substantial ground for difference of opinion exists about whether the minor savings clause, MISS CODE ANN. § 15-1-59, would toll the four year statute of limitations for actions against estates, MISS CODE ANN. § 15-1-25, and that this is a controlling question of law whose resolution will materially advance the ultimate termination of the litigation. They argue that the statute of limitations issue is controlling because it formed the basis of the Court's determination that the Estate of W. Joe Brown was fraudulently joined, and that resolution of this issue will materially advance the litigation since the joinder of the estate affects the Court's jurisdiction over the matter. Even if the Court concedes that a substantial ground for difference of opinion exists about the statute of limitations issue, Plaintiffs have not met their burden to show that the issue is controlling, and that resolution of this issue will materially advance the litigation. As Texaco notes in its response, the Court did not base its

2

determination of fraudulent joinder solely on its interpretation of the statute of limitations even though it found sufficient support for its interpretation in the case law and legislative intent. In this Court's Memorandum Opinion and Order [Doc. # 53] denying Plaintiffs' Motion to Reconsider Order Denying Motion to Remand [Doc. # 48], we noted that Plaintiffs' argument for application of § 15-1-59 was untimely raised, and, more importantly, that there was no possibility of recovery from a prior operator of an underground storage tank thirty-four years after his operation of the tank, particularly when there is no evidence that he owned or operated the tanks at the time they were abandoned. In other words, even assuming the Fifth Circuit determined that this Court misconstrued the Mississippi statutes of limitations, the Estate of W. Joe Brown would still be improperly joined, and remand to state court would still be unfounded. After a careful consideration of all of the matters presented, in the opinion of this court, there is not a controlling question of law as to which there is substantial ground for difference of opinion of which an immediate appeal would materially advance the ultimate termination of the litigation.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiffs' Motion for Certification and To Amend Interlocutory Order [Doc. # 63] is **denied.**

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiffs' Motion to Stay [Doc. # 64] is **denied**. The Court, notes, however, that the case is still stayed due to the pending Motion to Dismiss for Lack of Jurisdiction filed by Chevron Corporation [Doc. #5].

SO ORDERED AND ADJUDGED on this, the 28th day of July, 2010.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE