**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**VERNITA BELL, individually and on behalf of
E.A.B., deceased; et al.**                                                    **PLAINTIFFS**

**VERSUS**                                      **CIVIL ACTION NO. 5:09cv192KS-MTP**

**TEXACO, INC., et. al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment [Doc. # 84] (Nov. 3, 2010) and memorandum in support [Doc # 85]. The Court, having reviewed the motion, the responses, the pleadings, and exhibits on file and being otherwise fully advised in the premises, finds that the summary judgment motion should be **denied**.

## I. FACTS

Plaintiffs in this case worked at or frequently visited offices that were located on the former site of Brown's Service Station. In 2000, the Mississippi Department of Environmental Quality discovered abandoned underground storage tanks ("USTs") on the property. The Plaintiffs are claiming injuries to their children due to *in utero* exposure to the chemicals that seeped from these USTs into the surrounding soil.

In August of 2010, the Circuit Court of Jefferson County, Mississippi, entered a final judgment in the case of *Simon v. Texaco* in favor of a group of plaintiffs in a case involving the same property and similar allegations of injuries due to exposure to leaded gas and/or carcinogenic substances from the USTs. Following its deliberation, the jury in the case

answered the following special interrogatories affirmatively before returning their verdict:

> 2.  Do you find by a preponderance of the evidence that Texaco owned or controlled the underground storage tanks located at the former Brown's Service Station?
>
> 3.  Do you find by a preponderance of the evidence that Texaco and W. Joe Brown and/or W. Joe Brown, Jr. were in an agency relationship with Texaco in owning or controlling the underground storage tanks?
>
> . . .
>
> 6. Have Plaintiffs proven by a preponderance of the evidence that Texaco, Inc. and Chevron Corporation were engaged in a joint venture or was Chevron a successor-in-interest to Texaco, inc. with respect to Brown's Service Station at the time of the alleged wrongs.

*See* Final Judgment, Pls.' Mem Br. Supp. Mot., Ex. A [Doc. # 85-1].  Plaintiffs in the instant case, none of whom were plaintiffs in the *Simon* case, ask the Court to find that Texaco, the sole Defendant in the instant case, is precluded from raising these three issues decided by the *Simon* jury under the doctrine of collateral estoppel, otherwise known as issue preclusion.

## II. STANDARD OF REVIEW

Summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(c)(2)*; see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal

citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).  The nonmovant is not entitled to merely rest on his pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

### III. LAW AND APPLICATION

Collateral estoppel, or issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.*" New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001); *see also Dunaway v. W.H. Hopper & Assoc., Inc.*, 422 So.2d 749, 751 (Miss. 1982).  The doctrine "protects litigants from the burden of relitigating an identical issue with the same party or his privy" and "promotes judicial economy by preventing needless litigation." *Mayor & Bd. of Aldermen, City of Ocean Springs v. Homebuilders Ass'n of Miss., Inc.*, 932 So.2d 44, 60 (Miss. 2006) (quoting *Miss. Emp't Sec. Comm'n v. Phila. Mun. Separate Sch. Dist. of Neshoba Cnty.*, 437 So.2d 388, 396 (Miss. 1983)).  The Fifth Circuit has noted:

"Were we concerned with the collateral estoppel effects of a prior state court determination, we would use the state's law of collateral estoppel, but where the prior determination was also a federal diversity action, federal common law principles will apply." *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1166 (5th Cir. 1981). This is so because under 28 U.S.C. § 1738, the federal court must "give the same full faith and credit to a prior state court judgment that the courts of the state which rendered it would give it." *Reimer v. Smith*, 663 F.2d 1316, 1325 (5th Cir. 1981) (citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

The Mississippi Supreme Court has held that "the first basic requirement essential for the operation of collateral estoppel . . . is that the parties to the original action must be the same parties to the subsequent action." *Johnson v. Bagby*, 171 So.2d 327, 330 (Miss. 1965). In *Marcum v. Miss. Valley Gas Co., Inc.*, the Mississippi Supreme Court stated:

> Much has been written in our decisions about collateral estoppel, perhaps at times overmuch, but this much should be clear: in the absence of passing technical muster of the previous action involving identical parties, identical legal issues, and the same facts required to reach a judgment, it cannot be applied. And, even where it arguably meets a technical muster, "the rule is neither mandatory nor mechanically applied." *Jordan v. McKenna*, supra, 573 So.2d at 1375.

*Marcum*, 672 So.2d 730, 733 (Miss. 1996). The courts are granted broad discretion in determining when collateral estoppel applies. *Id.* Though other jurisdictions have relaxed the mutuality of parties requirement for collateral estoppel to apply, Mississippi's adherence to the requirement "'has been characterized as being rigid as any now extant.'" *Walker v. Kerr-McGee Chem. Corp.*, 793 F.Supp. 688, 696 (N.D. Miss. 1992) (citing *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981)); *see also Cumbest v. Gerber Life Ins. Co.*, 2009 WL 30111217 at *11 (S.D. Miss. Sept. 16, 2009) (noting that Mississippi strictly interprets the

mutuality of parties requirement); *Lacroix v. Marshall Cnty., Miss.*, 2009 WL 3246671 at *6 (N.D. Miss. Sept. 30, 2009) (noting that Mississippi recognizes parties in privity as identical for purposes of collateral estoppel). The Fifth Circuit has determined that "[u]nlike federal common law, Mississippi state law does not permit the offensive use of collateral estoppel." *Hicks,* 662 F.2d at 1166 (comparing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), with *Ditta v. City of Clinton*, 391 So.2d 627 (Miss. 1980)).

Because *Simon v. Texaco* was a Mississippi state court case, the Mississippi rules of collateral estoppel apply. None of the *Simon* plaintiffs are *Bell* plaintiffs, nor do the *Bell* plaintiffs allege they are in privity with the *Simon* plaintiffs. Further, the *Bell* plaintiffs are clearly trying to use collateral estoppel offensively, which, according to the Fifth Circuit in *Hicks*, is not generally permitted in Mississippi. Therefore, the *Bell* plaintiffs' request to collaterally estop litigation of the three issues previously litigated in state court should be denied.

Plaintiffs cite two Mississippi cases in support of their argument that Mississippi no longer strictly adheres to the mutuality requirement. First, in *Jordan v. McKenna*, the court did not allow a convicted rapist to relitigate whether he assaulted and raped his victim in a subsequent civil trial brought by the victim. *Jordan v. McKenna*, 573 So.2d 1371, 1374-75 (Miss. 1990). In this instance, the civil trial was filed before the criminal trial so the defendant to both cases had incentive to contest the facts in the criminal trial, particularly considering the serious nature of the accusations against him. *Id.* Further, the statute was designed to protect the victim, who was the plaintiff in the second case. *Id*. at 1376. Finally, the court gave substantial credibility to the criminal conviction because the facts were determined beyond a reasonable doubt, while the plaintiff would only need to establish the same facts by a preponderance of the

evidence in the civil trial. *Id.* The court did not completely abandon the mutuality requirement; instead the court noted that the victim's status in the criminal trial as "prosecuting witness" created enough of an identity of the parties to justify the application of collateral estoppel. *Id.* at 1377.

Second, the Plaintiffs cite *McCoy v. Colonial Banking Co., Inc.*, 572 So.2d 850 (Miss. 1990). Mrs. McCoy was involved in an automobile accident and sued the other driver's employer, Colonial. *Id.* at 851. In a jury trial, the court found Colonial not guilty of negligence. *Id.* In a subsequent suit, her husband, Mr. McCoy, sued Colonial for loss of consortium arising from the same accident. *Id.* Colonial argued that Mr. McCoy was collaterally estopped from relitigating the negligence issue in his loss of consortium action and dismissed the case. *Id.* The appeals court agreed, concluding that the loss of consortium claim was derivative of the negligence claim. *Id.* at 853. The Mississippi Supreme Court noted that spouses may not technically be in privy, but "[t]o hold otherwise by ... indulging in hair splitting technicalities, such as ... technical definitions of "privity," is to promote form over substance." *Id*. at 853 n.3 (citing *Bender v. Peay*, 433 N.E.2d 788, 791 (Ind. App. 1982).[1]

These cases are readily distinguishable from the case at hand. While the two Mississippi cases may show a weakening of the strict mutuality rule in Mississippi, they dealt with two

---

[1]Plaintiffs also cite *Parklane Hosiery*, in which the United States Supreme Court upheld the use of non-mutual offensive collateral estoppel. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332-33 (1979). The first suit brought by the SEC and the second suit brought by the shareholders both alleged false and misleading filings and both cases were filed in federal court. *Id.* at 324-25. This case is inapposite because it applied federal common law, and, as noted above, Mississippi law applies here. Regardless, the Supreme Court concluded that, "the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied." *Id.* at 331.

rather limited exceptions. Both cases discussed policy considerations for the exceptions which are not present here. The *Simon* case did not require that the facts be proven under a more stringent burden of proof as in the prior criminal case in *Jordan*. The *McCoy* court sanctioned the use of defensive, not offensive, collateral estoppel. Both the *Jordan* and *McCoy* courts described a type of non-technical privity between the non-mutual parties, while there are simply no connections even remotely resembling privity between the *Simon* and *Bell* plaintiffs that would support a finding of mutuality of the parties. As noted above, Mississippi law on collateral estoppel applies to the case at hand, and Mississippi law does not support a finding of non-mutual offensive collateral estoppel under the circumstances present in this case. Therefore, Plaintiffs' motion should be denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [Doc. # 84] filed on behalf of Plaintiffs Vernita Bell, et. al. is hereby **denied.**

SO ORDERED AND ADJUDGED this the 21st day of December, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE