IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, et al.**                                                                                      **PLAINTIFFS**

**v.**                                                                           **CIVIL ACTION NO. 5:09cv192-KS-MTP**

**TEXACO, INC., et al.**                                                                                    **DEFENDANTS**

### ORDER

Pursuant to order [126], this Court conducted a lengthy hearing on April 21, 2011 on pending motions[1] and other outstanding matters. The instant order addresses the following: Defendant Texaco, Inc.'s ("Texaco") [115] Motion for Amended Scheduling Order; Texaco's [118] Supplemental Motion for Amended Scheduling Order;[2] Plaintiffs' [127] Motion for Extension of Time to Complete Discovery; and the issue of sanctions left open by the Court's [112] Order Compelling Discovery (at pp. 8-9). The instant order formalizes the rulings expressed from the bench.

It is unnecessary to recite the procedural history of this litigation which was addressed at the hearing. For present purposes, it is sufficient to observe that Plaintiffs' delays in addressing discovery issues will no longer be tolerated. Therefore, those Plaintiffs who have not served answers to Texaco's interrogatories[3] shall submit signed, sworn, and verified answers to those

---

[1] After the hearing was set, Plaintiffs filed a [127] Motion for Extension of Time to Complete Discovery. At the hearing, Michael S. Allred made an *ore tenus* motion (without objection) to withdraw as counsel for Plaintiffs.

[2] The only subject addressed in the supplemental motion deals with Texaco's counsel's failed attempts to reach Plaintiff's counsel to determine the latter's position on the [115] original motion.

[3] Identified at the hearing as John Scott and Levander Davis. The death certificate of Mary Culbert was provided at the hearing and counsel is in the process of substituting a party

interrogatories no later than the close of business on April 28, 2011.  Those Plaintiffs who have served answers to interrogatories shall supplement any incomplete and insufficient answers no later than the close of business on April 28, 2011.  For those Plaintiffs who have not served responses to requests for production of documents,[4] said Plaintiffs shall, on or before the close of business on April 28, 2011, serve their responses without objection (except as provided herein) to all requests for production of documents propounded to them.  In so responding, Plaintiffs may object only on the ground that the material is protected by the attorney/client privilege.  However, in the event that specific ground is offered, Plaintiffs are required to submit, also no later than the close of business on April 28, 2011, a privilege log in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Further, in order to avoid any misunderstanding, the responses to the requests for production of documents shall include the production of all documents contemplated thereby.  Failure in any way to do so may result in sanctions beyond those imposed by this order, which may include dismissal of claims.

      The record establishes the Plaintiffs' failure to cooperate in discovery, their non-compliance with the Court's orders [93] [112], and the resulting delay.  Sanctions are now clearly appropriate.  Indeed, it is unjust to not afford Texaco relief for the time and effort, as well as the costs and expenses, caused by Plaintiffs' foot-dragging.

      This Court has broad discretion to exercise its various sanctioning powers.  *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993).  *See also Shipes v. Trinity Indus.*, 987 F.2d 311, 323

---

pursuant to the [121] Suggestion of Death and Fed. R. Civ. P. 25.  Plaintiffs' counsel also indicated at the hearing that the claims of Plaintiff S.D. will be voluntarily dismissed.  If dismissal of her claim does not occur by April 28, 2011, this order applies to her, also.

    [4]The Court's understanding is that this circumstance applies to all Plaintiffs.

(5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court; . . .") (citation omitted).  Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."

This Court, like most courts, imposes sanctions sparingly and generally only after providing the delinquent party an opportunity to cure the applicable deficiency.  Here, numerous opportunities have been provided and Plaintiffs remain out of compliance without any reasonable justification.  Accordingly, this Court finds that an imposition of monetary sanctions against Plaintiffs' counsel is appropriate.  The Court will consider harsher sanctions if the discovery process is delayed further.  Plaintiffs' counsel are referred to Fed. R. Civ. P. 37 for examples of the range of sanctions available to the Court, which may include a dismissal of Plaintiffs' claims.  **IT IS, THEREFORE, ORDERED:**

Texaco's [115] Motion for Amended Scheduling Order and Plaintiffs'[127] Motion for Extension of Time to Complete Discovery are **GRANTED**, and the [77] Case Management Order is amended as follows: Plaintiff's experts shall be designated no later than July 21, 2011.  Defendant's experts shall be designated no later than September 21, 2011.  All discovery will be completed no later than November 21, 2011.  All motions other than motions *in limine* shall be filed no later than December 5, 2011.  The pretrial conference is set before District Judge Keith Starrett on April 12, 2012, with a reserved trial period of May 7-18, 2012 before District Judge Keith Starrett.  Texaco's [118] Supplemental Motion for Amended Scheduling Order is **MOOT**.

No later than May 2, 2011, Texaco's counsel shall submit an itemized statement of fees and expenses incurred in association with filing the [91] Motion to Compel, the [105]

Second Motion to Compel, the [115] Motion to Amend Case Management Order, and the hearings held on March 31, 2011 and April 21, 2011.  Should Plaintiffs have any objections to said itemized statement, they must be filed no later than May 9, 2011, with any rebuttal due on May 16, 2011.  The Court will then determine an appropriate amount to be paid by Plaintiffs' counsel once this statement and any objections are submitted.

  The *ore tenus* motion of Michael S. Allred to withdraw as counsel for Plaintiffs is **GRANTED**.

  **SO ORDERED** this the 22nd day of April, 2011.

               s/ Michael T. Parker
               United States Magistrate Judge