IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VERNITA BELL, et al.**                                                                 **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 5:09cv192-KS-MTP**

**TEXACO, INC., et al.**                                                                 **DEFENDANTS**

## ORDER AWARDING FEES AND EXPENSES

This matter is before the Court on the [137] motion of Defendant Texaco, Inc. ("Texaco") for attorney fees and expenses incurred in connection with its efforts to obtain discovery responses from Plaintiffs. By order [132] of April 22, 2011, the Court imposed sanctions after discovery requests were ignored, orders compelling discovery were disregarded, and several opportunities to mitigate or cure were missed. *See* docket entries [93] [112] [132].[1] The order finding that monetary sanctions are appropriate was not appealed to the District Judge.

On May 2, 2011, Texaco timely submitted its itemized statement of fees and expenses incurred in association with filing the [91] Motion to Compel, the [105] Second Motion to Compel, the [115] Motion to Amend Case Management Order, and the hearings held on March 31, 2011 and April 21, 2011. In the Court's [132] order, Plaintiffs were given until May 9, 2011 to file any objections to this submission. Plaintiffs did not timely respond.[2]

However, on May 31, 2011, as the Court was finalizing an order addressing the fee

---

[1] For example, in its second order compelling discovery, the Court deferred a ruling on sanctions, which were clearly justified, pending Plaintiffs' compliance with the obligations of the order. The Court preferred to focus on obtaining responses to discovery rather than imposing sanctions. However, Plaintiffs did not comply with the second order compelling discovery.

[2] This is no small irony as it was Plaintiffs' failure to meet many other court-imposed deadlines and obligations which led to the instant fee request.

application and three weeks after their response was due, Plaintiffs filed a motion to respond out of time [151]. The Court granted the motion [152] and has now received Plaintiffs' objections [153] and Texaco's rebuttal [155].

While the parties disagree as to the applicability of the factors outlined in *Johnson v Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974),[3] to Texaco's fee application, some of those factors are nevertheless useful in addressing the instant application.[4] Plaintiffs readily agree that many of the *Johnson* factors are inapplicable and others are undisputed. For example, Plaintiffs do not dispute the reasonableness of the hourly rates charged. That Texaco's attorneys ultimately achieved the desired result is also unchallenged.

Plaintiff's few objections primarily center around whether certain tasks outlined in the fee application were necessary and whether the time spent on certain tasks was reasonable. The Court will address Plaintiff's specific objections followed by its own independent observations and analysis of the fee application.

First, Plaintiffs challenge whether Mr. Walker should be the one to attest to the reasonableness of the fees as the time he has spent on this matter is far less than that of other attorneys in his firm. The Court rejects this general objection. Mr. Walker has been on the

---

[3]The factors are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) nature and length of relationship with client; and (12) awards in similar cases.

[4]The relevant factors here are (1); (3); (5) (undisputed as to hourly rate); (7) (time limits due to circumstances); (8) (also undisputed); and (9).

pleadings in this matter since its removal to this Court in November 2009. While it is clear that his involvement has been limited, he is certainly in a position to evaluate the work that has been performed by himself and others working with him and to opine as to its reasonableness. Moreover, regardless of who might be offering the opinions as to the reasonableness of the fees, the Court, as shown below, has made its own analysis.

Next, Plaintiffs generally assert that Texaco has "lawyered up" the file, or stated another way, has more lawyers than necessary working on this matter. The Court rejects this assertion as well. At the time most of the work at issue was performed, Plaintiffs had as many lawyers of record as Texaco.

This matter involves the claims of fourteen separate Plaintiffs, some of whom are minors and some of whom appear on behalf of deceased individuals. The 23-page complaint alleges that Plaintiffs were exposed to toxic substances over various time periods and suffered varying health problems and/or birth defects. That each side would have a number of attorneys involved is not unusual given the time, skill and attention necessary to prepare this case. The discovery at issue involved all fourteen Plaintiffs.

Plaintiffs next make specific objections to certain time entries reflected in the application. Plaintiffs challenge the time spent by Mr. Walker and Mrs. Young preparing for the April 21, 2011 hearing. They also make a general challenge to the amount of time spent preparing for the March 31, 2011 hearing. However, in each case, the Court finds the time spent to be reasonable, although, as outlined below, some of it must be attributed to issues other than discovery and will be adjusted accordingly.

The April 21, 2011 hearing was set when Plaintiffs arrived unprepared for the March 31

hearing. The Court *required* all attorneys of record to appear at the April 21 hearing and expected them to be prepared to address the many issues that were to come before the Court. These attorneys took the obligation seriously and prepared accordingly. It is of no consequence that these attorneys did not assume the primary speaking role for Texaco at the hearing.

Next, while not challenging the hourly rates apparently charged by Texaco's attorneys, Plaintiffs argue generally that discovery disputes required a "lesser skill package" than would the trial of this matter. The Court rejects that observation and would note that preparing cases such as this one for trial requires a substantial "skill package" and well as considerable effort and diligence. The Plaintiffs' observation in this regard does not appear to address the reasonableness of any particular portion of the fee application and will be disregarded. The "skill package" exercised here, along with the time and fees expended, were necessitated by Plaintiffs' evasive and incomplete discovery disclosures and failure of cooperation in the discovery process involving significant claims.

Finally, Plaintiffs specifically object to a $90.00 entry by Mrs. Young on April 5, 2011, with respect to emails exchanged with counsel for Plaintiff about medical records that should have been produced months ago. This type of follow up work was necessary to get Plaintiffs to do what they had already been ordered to do, was reasonable, and was in connection with addressing the discovery problems at issue.

Although Plaintiffs did not timely respond to the fee request, in light of the amount requested and the circumstances under which the sanctions were imposed, the Court undertook a careful review of the submissions prior to Plaintiffs' belated response and found that, except as discussed below, the work performed and the fees and expenses incurred were reasonable and

were necessarily incurred to address the motions to compel discovery and the issues surrounding Plaintiffs' persistent failures to meet their discovery obligations.

The majority of the attorneys fees documented by counsel were incurred in connection with the two hearings held by the Court to address the discovery issues. These hearings would not have been necessary but for the numerous discovery violations identified at the hearings and in prior orders. However, in addition to addressing the discovery issues and the numerous ancillary issues, such as scheduling, which resulted from them, the Court also addressed Texaco's [113] Motion to Sever and Plaintiffs' [130] Motion to Recuse at the hearings.[5] These motions were not directly related to Plaintiffs' discovery infractions. Accordingly, the fees must be reduced for any time related to those [113] [130] motions.

The fees for the attorneys to attend each hearing will be reduced by one-fourth, which the Court finds to be the maximum amount of time and effort devoted by the parties to these issues at the hearings.[6] Likewise, the preparation time noted for the hearing for the attorneys involved should be reduced by one-fourth to account for these issues.[7]

Texaco's motion for fees and expenses does not state the hourly rate for the attorneys involved. The Court is, however, able to extrapolate the rates from the time and charges

---

[5] The motion to sever was included in the [119] order setting the March 31 hearing, as well as the [126] order setting the April 21 hearing. The motion to recuse was filed the day before the April 21 hearing and was argued at its outset.

[6] For the March 31 hearing, this results in a deduction of $794.87 (3/31 entries for Champagne and Young reduced by 25%); for the April 21 hearing, the deduction is $1,966.25 (4/21 entries for Champagne, Walker, and Young reduced by 25%).

[7] This results in a deduction of $779.12 (entry of 4/18 for Champagne reduced by 25%; entries of 4/19 for Champagne and Walker reduced by 25%; entry of 4/20 for Young reduced by 25%).

submitted and finds them to be reasonable. Plaintiffs mount no challenge to these rates.

Likewise, the Court, from hearings held and pleadings filed in this matter, is aware of the involvement of the attorneys involved in this matter and the manner in which they performed on behalf of Texaco. However, certain time has been charged for work performed by paralegals. The Court does not question the efficiency in using paralegals for litigation assistance or the abilities of those involved. Typically, paralegals are skilled, yet cost-efficient members of the litigation team. However, the Court does not believe that fees for these individuals, whose background and involvement are not provided, should be allowed based on what has been presented and, thus, they will be deducted.[8]

**IT IS, THEREFORE, ORDERED** that Texaco's [137] Motion for Attorney Fees and Expenses is **GRANTED IN PART** and **DENIED IN PART**. Texaco is hereby awarded $23,617.44[9] of and from Plaintiffs' counsel Eduardo M. Flechas and Dennis C. Sweet, III,[10]

---

[8] The total amount of these fees is $1,260.00 (entries for Craft on 2/15, 2/17, 2/23, 3/1, 3/4, 3/21, 4/18; and entries for Summer on 3/30, 4/19, and 4/20).

[9] Total fees and expenses requested ($28,417.68) minus total deductions ($4,800.24).

[10] Plaintiffs are also now represented by Ronald E. Stutzman, Jr. However, Mr. Stutzman first appeared in this matter on March 4, 2011 [117], months after the issues addressed in orders [93] [112] arose giving rise to the hearings held on March 31 and April 21, 2011. Messrs. Flechas and Sweet have been counsel of record since the filing of the complaint. At the hearing on April 21, the *ore tenus* motion of Michael S. Allred to withdraw as counsel for Plaintiffs was granted, without objection, and it was represented that he had not actively participated in the case since November 2010. At the hearing, the Court explained its reasoning for imposing the sanctions upon counsel rather than the parties. Those reasons were attributable to counsel and included, but were not limited to, not responding to Texaco's good faith efforts to resolve the discovery disputes, not responding at all to the first motion to compel, not complying with the first order compelling discovery, not complying with the second order compelling discovery, and filing responses to interrogatories and document requests for a plaintiff who had died several months before notice of service of the responses.

jointly and severally.

    **SO ORDERED** this the 13th day of June, 2011.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge